IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **BILLIE JOE CHAPMAN,**   Petitioner,   v.   **STATE OF TENNESSEE, ET AL.,**   Respondents. | Civ. No. 1:25-cv-01129-STA-jay |

**ORDER DENYING PETITION FOR WRIT OF MANDAMUS, DENYING PENDING MOTION, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; NOTIFYING CHAPMAN OF THE APPELLATE FILING FEE; AND CLOSING CASE**

On May 30, 2025, Plaintiff Billie Joe Chapman, Tennessee Department of Correction prisoner number 633331, who is incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* "Writ of Certiorari [and] Writ of Mandamus." (ECF No. 1.) On June 20, 2025, the Court granted leave to proceed *in forma pauperis* and assessed the $350.00 filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915, *et seq*. (ECF No. 6.) On August 7, 2025, Chapman filed a "Motion to Submit/Enter Evidence to Show From the Beginning Illegal Prosecution and Void Conviction Refused to Be Addressed." (ECF No. 9.)

I.   **BACKGROUND**

In 2021, Chapman pled guilty in the Circuit Court of Madison County, Case Nos. 21-42 and 21-407, to multiple burglary, vandalism, and weapon charges for which he received an effective sentence of thirteen years of incarceration. *See Chapman v. State*, No. W2024-01228-CCA-R3-HC, 2025 WL 1113389, at *1 (Tenn. Crim. App. Apr. 15, 2025), *app. denied* (Aug. 7,

2025). He did not file a direct appeal. Chapman was denied post-conviction relief in the trial court, and the Tennessee Court of Criminal Appeals ("TCCA") affirmed. *See Chapman v. State*, No. W2022-01333-CCA-R3-PC, 2023 WL 5572932, at *1, 6 (Tenn. Crim. App. Aug. 29, 2023). He then filed a state petition for writ of habeas corpus, which the trial court summarily dismissed. *Chapman*, 2025 WL 1113389, at *1-2. On April 15, 2025, the TCCA affirmed. *Id.* at *3.

On May 7, 2024, Chapman filed a petition pursuant to 28 U.S.C. § 2254 in this court challenging his state court convictions. (*See* Civ. No. 1:24-cv-1106, ECF No. 1.)[1] While the case was pending, Petitioner filed a notice of appeal. (*Id.*, ECF No. 65.) On November 26, 2025, the United States Court of Appeals for the Sixth Circuit dismissed the appeal for lack of jurisdiction. (*Id.*, ECF No. 67.) The § 2254 proceedings are pending.

On January 9, 2026, Chapman filed a petition for relief under 28 U.S.C. § 2241. (*See* Civ. No. 1:26-cv-1009, ECF No. 1.) He presents many of the same arguments in the § 2241 petition as presented in his mandamus petition. (*Id.*) The § 2241 proceedings are still pending.

## II.    THE PETITION

Chapman seeks mandamus relief. (ECF No. 1.) He wants the "lower court[s]", presumably the Madison County Circuit Court and the Tennessee Court of Criminal Appeals, to address alleged violations of laws and due process. (*Id.* at PageID 1.) Chapman contends that these courts have not addressed that: (1) there was no plea or a plea agreement on the record; (2) Chapman was illegally taken from the county jail; (3) Chapman was forced to take antipsychotic/psychotropic drugs and was under the influence of those drugs during the prosecution and at the plea hearing; (4) Chapman was civilly committed and found not competent at the time of the crime and his

---

[1] The state court record for Chapman's convictions has been filed in the § 2254 case. (*See* Civ. No. 1:24-1106, ECF No. 26.)

2

arrest; (5) Chapman was arrested without evidence of illegal activity pursuant to a warrant issued by City Judge Blake Anderson; (6) Chapman named Judge Blake Anderson as a defendant in a suit alleging false imprisonment; (7) illegal court hearings were held before Judge Blake Anderson, who had a conflict of interest and should be disqualified; (8) Judge Donald Allen changed Chapman's claims in his civil action; and (9) Judge Blake Anderson and Judge Allen had conflicts of interest. (*Id.* at PageID 2-3.) Chapman requests that the Court order the Madison County Circuit Court to address these issues in Criminal Docket Nos. 21-42 and 21-407. (*Id.* at PageID 3.)

Chapman has named the State of Tennessee, the Madison County Criminal Court, and the Tennessee Court of Criminal Appeals as respondents. (*Id.* at PageID 1.)

### III.     THE LEGAL STANDARD

The federal mandamus statute, 28 U.S.C. § 1361, provides:

The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

A litigant who seeks mandamus relief must show that: "(1) no other adequate means [exist] to attain the relief he desires; (2) the party's right to issuance of the writ is clear and indisputable; and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal quotation marks and citation omitted); *see Carson v. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011) (internal quotation marks & citation omitted) ("Mandamus is available only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff"), *cert. denied*, 565 U.S. 1101 (2011). The purpose of a writ of mandamus is to provide a remedy only where a respondent owes a petitioner a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984) (citations omitted). Mandamus is a drastic remedy available only in extraordinary cases

and is hardly ever granted.  *See Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976); *Will v. United States*, 389 U.S. 90, 95 (1967); *see Akter v. Rubio*, No. 1:24-cv-03256 (TNM), 2025 WL 1950884, at *2 (D.C. Cir. July 16, 2025).

IV.     **ANALYSIS**

A mandamus action under 28 U.S.C. § 1361 lies only "to compel an officer or employee of the United States or any agency thereof to perform a duty owed...."  The State of Tennessee and its courts are not agencies of the United States.  Chapman cannot bring a mandamus action against the State of Tennessee and its courts pursuant to this provision.  *See Prunty v. State of Ohio*, 168 F.3d 490 (6th Cir. 1998) (affirming the dismissal of a federal mandamus petition filed against the State of Ohio related to a state court conviction as frivolous).

V.      **CONCLUSION**

Chapman's petition for mandamus is **DENIED**.  The pending motion (ECF No. 9) is **DENIED** as moot.  Judgment shall be entered for the respondents.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is **CERTIFIED** that any appeal in this matter by Chapman would not be taken in good faith.  If Chapman nevertheless chooses to file a notice of appeal, he must either: pay the entire $605 appellate filing fee; or, if he is confined at that time, submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

**IT IS SO ORDERED** this 16th day of January, 2026.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT COURT